UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEAN HAFFNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WERNER ENTERPRISES, INC., | ) |
| | ) |
| Defendant/ | ) |
| Third Party Plaintiff, | ) |
| | ) |
| v. | )   Case No.   4:04CV29 FRB |
| | ) |
| BRYAN SCOTT, | ) |
| | ) |
| Third Party Defendant/ | ) |
| Counterclaimant, | ) |
| | ) |
| v. | ) |
| | ) |
| WERNER ENTERPRISES, INC., | ) |
| | ) |
| Counterclaim Defendant. | ) |

**MEMORANDUM AND ORDER**

Presently pending before the Court is counterclaimant Bryan Scott's Motion to Transfer (filed March 16, 2005/Docket No. 59). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

This cause of action was originally brought in the Circuit Court of the City of St. Louis, Missouri, by Missouri resident Jean Haffner, in which Haffner alleged he sustained injury as a result of a collision in Phelps County, Missouri, caused by

the negligent acts of defendant Werner Enterprises, Inc. (Werner Enterprises), and its agent(s) in the operation of its tractor-trailer.  On January 8, 2004, defendant Werner Enterprises, a Nebraska corporation, removed the cause to this Court invoking this Court's diversity jurisdiction.  Thereafter, on January 20, 2004, defendant Werner Enterprises filed a Third Party Complaint against Bryan Scott, a resident of the State of Oklahoma, alleging that Scott's negligence in the operation of a wrecker involved in the collision contributed to the injuries sustained by plaintiff Haffner, and that therefore Scott should be held to contribute to and/or indemnify Werner Enterprises for any damages which may be assessed against Werner Enterprises for plaintiff Haffner's injuries.  Third party defendant Scott thereafter answered Werner Enterprises' Third Party Complaint and, on May 24, 2004, filed a Counterclaim against Werner Enterprises alleging that he suffered injuries as a result of the collision at issue, with such collision having been caused by the negligence of Werner Enterprises and its agent(s) in the operation of its tractor-trailer.[1]

Pursuant to a Stipulation for Dismissal filed February 16, 2005, plaintiff Jean Haffner's claims against Werner Enterprises were dismissed from this cause with prejudice.  Pursuant to a subsequent Stipulation for Dismissal filed March 11, 2005, Werner Enterprises' claims raised in its Third Party Complaint against

---

[1] On March 9, 2005, with leave of Court, Scott filed an Amended Counterclaim against Werner Enterprises.

Scott were dismissed without prejudice.  What remains pending before the Court, therefore, are Scott's claims against Werner Enterprises as raised in Scott's Amended Counterclaim.  Scott now seeks to have the matter transferred to the United States District Court, Northern District of Oklahoma, pursuant to 28 U.S.C. § 1404(a).  Werner Enterprises opposes the motion.

Under 28 U.S.C. § 1404(a), a civil action may be transferred "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought."  Grant or denial of a request to transfer under 28 U.S.C. § 1404(a) is within the sound discretion of the trial court. Hubbard v. White, 755 F.2d 692, 694 (8th Cir. 1985).  In determining whether to transfer a cause of action under § 1404(a), the Court must examine all relevant factors in the circumstances of the case at hand, Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997), which may include convenience factors such as

> (1) the convenience of the parties, (2) the convenience of the witnesses--including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law[;]

id. at 696, as well as interest of justice factors such as

> (1) judicial economy, (2) the plaintiff's

>     choice of forum, (3) the comparative costs to
>     the parties of litigating in each forum, (4)
>     each party's ability to enforce a judgment,
>     (5) obstacles to a fair trial, (6) conflict of
>     law issues, and (7) the advantages of having a
>     local court determine questions of local law.

Id.

In the instant motion, Scott contends that consideration of all relevant factors tips the § 1404(a) scale in favor of transferring this matter to the Northern District of Oklahoma.

Scott first argues that by being named as a defendant in a Third Party Complaint, he was deprived of his choice of forum and that, had he not been haled into this Court, he could have brought his claims in the Northern District of Oklahoma. Scott also contends that the majority of the witnesses necessary to the prosecution of his case reside in Oklahoma and cannot be compelled to appear before this Court. Such witnesses include plaintiff's treating physician and orthopedic surgeon, as well as an eyewitness to the accident. Scott contends that he would be deprived of presenting the live testimony of these witnesses if the case were not transferred to the Northern District of Oklahoma. To the extent there exist other non-party witnesses to the cause, Scott concedes that they are outside the subpoena power of both courts. Scott further acknowledges that Missouri law would apply to this cause of action, but argues that because this case does not involve complex issues, an Oklahoma court is capable of applying such law.

Finally, Scott contends that there would be no delay in proceeding in this cause by transferring the matter to the Northern District of Oklahoma inasmuch as discovery is nearly complete.

In response, Werner Enterprises acknowledges the presence of three witnesses in Oklahoma but has submitted evidence showing that the video trial depositions of such witnesses have already been and/or are currently scheduled to be taken so as to prevent any inconvenience to such witnesses and their respective work schedules.  Werner Enterprises contends that other individual witnesses, including two eyewitnesses who reside in St. Louis, Missouri; and the investigating officer, who is also a Missouri resident, are outside the subpoena power of the Northern District of Oklahoma.  Werner Enterprises further argues that because the accident occurred in this district and the law of Missouri is to be applied in this case, the Eastern District of Missouri is the appropriate venue to hear the instant cause of action.  Finally, Werner Enterprises notes that this cause is currently set for trial in August 2005, and argues that the transfer of this matter to the Northern District of Oklahoma would necessarily delay its disposition.

On the information before the Court, it cannot be said that a review of the relevant factors tips the balance in favor of either forum.  With respect to the convenience of the parties, the Northern District of Oklahoma is more convenient to Bryan Scott

inasmuch as he resides within the district.  As a citizen of the State of Nebraska, Werner Enterprises enjoys no like convenience with either forum.  With respect to the convenience of the witnesses, the undersigned notes that there exist a number of witnesses who have relevant information to the issues in this cause and that such witnesses reside outside the subpoena power of either or both forums.  Of significance to the Court is that the video trial depositions of such witnesses have been completed or are currently scheduled to be taken so as to avoid any inconvenience to the witnesses regardless of where the trial of this cause is to be held.  See Estate of Rick v. Stevens, 145 F. Supp. 2d 1026, 1038-39 (N.D. Iowa 2001) (availability of videotaped depositions, coupled with availability of court facilities to present such depositions, limits inconvenience likely to be imposed on witnesses).  The undersigned is aware that the convenience of the witnesses is a primary, if not the most important, factor to consider under § 1404(a), Enterprise Rent-A-Car Co. v. U-Haul Int'l, 327 F. Supp. 2d 1032, 1045 (E.D. Mo. 2004); however, when considering the convenience of the witnesses in toto here, it cannot be said that one forum is more convenient than the other.

With respect to the interest of justice, the accident at issue occurred in the State of Missouri and Missouri law is to be applied in the case.  The matter is presently set for trial before this Court on August 22, 2005, and no circumstance presently exists

to warrant any continuance.  The Court is not persuaded that the disposition of the cause would not be delayed if the matter were to be transferred to another forum at this point in the litigation.

Finally, Scott avers that he is now the true plaintiff in this action given the disposition of Haffner's and Werner Enterprises' prior claims, and argues that deference should therefore be given to his choice of forum.  See Terra Int'l, 119 F.3d 695 (courts generally give great deference to plaintiff's choice of forum).  The undersigned considers it inappropriate to accord such deference in the circumstances of this cause, however.  Although Scott contends that he could have brought an action in the Northern District of Oklahoma but was deprived of such choice of forum due to being named by Werner Enterprises in this cause, nothing before the Court shows that Scott was prevented from pursuing a cause of action in his choice of forum prior to being brought into the litigation here.  The accident at issue occurred on May 1, 2003, and Werner Enterprises filed its Third Party Complaint against Scott on January 24, 2004.  The undersigned determines it to be inappropriate to defer to Scott's belated choice of forum when he never availed himself of the opportunity to choose such forum in the first instance.

Upon review of all of the relevant factors in the circumstances of this case, the undersigned determines that to transfer venue to the Northern District of Oklahoma would be merely

shifting the inconvenience from one side to the other, which is not a permissible justification for change of venue. See Terra Int'l, 119 F.3d at 696-97.  Because a transfer to the Northern District of Oklahoma is not warranted in this cause, the Court determines in its discretion to deny Bryan Scott's Motion to Transfer.

Accordingly,

**IT IS HEREBY ORDERED** that counterclaimant Bryan Scott's Motion to Transfer (Docket No. 59) is denied.

*[signature: Frederick R. Buckles]*
UNITED STATES MAGISTRATE JUDGE

Dated this  _18th_  day of May, 2005.