BRYAN SCOTT,                          )
                                      )
        Counterclaimant,              )
                                      )
        v.                            )        No. 4:04CV29 FRB
                                      )
WERNER ENTERPRISES, INC.,             )
                                      )
        Counterclaim Defendant.       )

**MEMORANDUM AND ORDER**

        This cause is before the Court <u>sua</u> <u>sponte</u> upon review of
the file.  All matters are pending before the undersigned United
States Magistrate Judge, with consent of the parties, pursuant to
28 U.S.C. § 636(c).  The matter is currently set for trial on
Monday, August 22, 2005.  A pretrial conference was held on the
matter on August 17, 2005.

        This cause of action was originally filed in the Circuit
Court of the City of St. Louis, Missouri, by plaintiff Jean Haffner
against defendant Werner Enterprises, Inc. (Werner Enterprises),
for injuries sustained by plaintiff Haffner arising out of a motor
vehicle accident occurring in this district involving a vehicle
being driven by Bryan Scott and a tractor-trailer owned by Werner
Enterprises and operated by an employee of Werner Enterprises.  At
the time of the collision, Mr. Haffner was a passenger in the
vehicle being operated by Bryan Scott.  Defendant Werner
Enterprises removed the cause to this Court, invoking this Court's

diversity jurisdiction inasmuch as complete diversity existed between the parties and the amount in controversy exceeded $75,000.00.

On January 20, 2004, shortly after removal of the action to this Court, defendant Werner Enterprises filed a Third Party Complaint against Bryan Scott, a resident of the State of Oklahoma, alleging that Scott's negligence in the operation of his vehicle involved in the collision contributed to the injuries sustained by plaintiff Haffner, and that therefore Scott should be held to contribute to and/or indemnify Werner Enterprises for any damages which may be assessed against Werner Enterprises for plaintiff Haffner's injuries. Bryan Scott thereafter answered Werner Enterprises' Third Party Complaint and, on May 24, 2004, filed a Counterclaim against Werner Enterprises alleging that he suffered injuries as a result of the collision at issue, with the collision having been caused by the negligence of Werner Enterprises and its agent(s) in the operation of a tractor-trailer during the course and scope of the agent's employment with Werner. Upon Werner Enterprises' Answer to the Counterclaim, a Case Management Order was entered and the matter proceeded through discovery and pretrial proceedings.

On January 25, 2005, Bryan Scott sought leave of Court "to Amend Counterclaim to Add Claims for Negligent Training, Negligent Supervision, Negligent Retention, and Punitive Damages."

(Docket No. 32.)  Werner Enterprises objected to the proposed amendment, arguing that these additional claims of imputed liability to an employer were not permitted under Missouri law in circumstances, such as here, where the defendant employer has already admitted to *respondeat superior* liability for any alleged negligence of its employee.  Werner Enterprises further argued that because Scott sought punitive damages only in relation to its Amended Counterclaim, and that because the new claims proposed in the Amended Counterclaim were impermissible under Missouri law, Scott's request to add a claim for punitive damages should likewise be denied.  Bryan Scott replied to Werner Enterprises' response, after which, on March 4, 2005, the Court granted Bryan Scott's Motion for Leave to Amend Counterclaim and his Amended Counterclaim was filed that same date adding the claims set out above.

In the meanwhile, plaintiff Haffner dismissed his claims against defendant Werner Enterprises; and on March 11, 2005, Werner Enterprises dismissed its third party claims against Scott.  As such, all that remain pending before the Court for resolution are the claims raised in Bryan Scott's Amended Counterclaim, filed March 4, 2005.  However, upon further review of the additional claims raised and Missouri law relating thereto, the undersigned has concluded that leave to file the Amended Counterclaim, to the extent Bryan Scott sought to add claims of negligent training, negligent supervision and negligent retention, was granted in

error.  As such, the Court determines to revisit the matter of Bryan Scott's Motion for Leave to Amend Counterclaim.

In _McHaffie v. Bunch_, 891 S.W.2d 822 (Mo. banc 1995), the Missouri Supreme Court held that under Missouri law, an employer may be held liable for the actions of its employee under three theories:  1) _respondeat superior_, where the employee or agent is acting within the course and scope of his employment; 2) negligent entrustment, where the imputation of negligence does not require a finding that the agent or employee acted within the course or scope of his employment; and 3) negligent hiring, where, as in negligent entrustment, the imputation of negligence does not require that the offending conduct occur within the course and scope of employment.  _Id._ at 825.  The _McHaffie_ court held that once an employer has admitted _respondeat superior_ liability, that is, that the alleged negligence of the employee occurred within the course and scope of his employment, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability.  _Id._ at 826-27.

> Once vicarious liability for negligence is admitted under _respondeat superior_, the person to whom negligence is imputed becomes strictly liable to the third party for damages attributable to the conduct of the person from whom negligence is imputed.  The liability of the employer is fixed by the amount of liability of the employee.

_Id._ at 826.

While evidence *may* support a claim of negligent entrustment or negligent hiring, "such evidence [is] unnecessary because vicarious liability [is] already established under the theory of *respondeat superior* under which the employer is strictly liable for all fault attributed to the negligent employee." McHaffie, 891 S.W.2d at 826-27. Given the defendant employer's admission of *respondeat superior* liability, the McHaffie court concluded that the trial court's admission of evidence on the other theories of imputed liability was error. Id. at 827.

A court sitting in this district recently reaffirmed the Missouri Supreme Court's holding in McHaffie. In Young v. Dunlap, 223 F.R.D. 520 (E.D. Mo. 2004), the Honorable David D. Noce held that to allow a plaintiff to argue negligent entrustment when the defendant employer had already admitted imputed liability under *respondeat superior* would be "both redundant and prejudicial." Young, 223 F.R.D. at 522. Inasmuch as the defendant employer in Young had admitted in its Answer that its employee was acting within the course and scope of her employment at the time of the accident, Judge Noce struck from the Complaint plaintiff's claim of imputed liability under the theory of negligent entrustment. Id. at 521-22.

Even more recently, in Riordan v. Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, Nos. 04-2304, 04-2392, slip op. (8th Cir. Aug. 5, 2005),

the Eighth Circuit recognized the Missouri Supreme Court's holding in McHaffie, that once an employer has admitted *respondeat superior* liability, it is improper to allow a plaintiff to proceed on any other theory of imputed liability. Riordan, slip op. at 9. In Riordan, however, the Eighth Circuit determined the trial court not to have erred in submitting to the jury the claims of both *respondeat superior* and direct negligence (based on negligent supervision), noting that, unlike McHaffie, the defendant employer did *not* admit that the offending conduct occurred within the course and scope of the employee's employment. Riordan, slip op. at 9.

Likewise, in Breeding v. Massey, 378 F.2d 171 (8th Cir. 1967), a diversity case arising out of Arkansas and cited by Bryan Scott here in support of his argument that alternate theories may be submitted to the jury, the Eighth Circuit determined the trial court not to have erred in submitting both a *respondeat superior* theory and negligent entrustment theory to the jury where the defendant employer did not admit the employee to have been acting within the scope of his employment. Indeed, in Breeding, the Eighth Circuit explicitly recognized that

> [i]n the instant case, we do not have before us a situation where liability has been admitted on the scope of employment theory. In such a situation, some cases . . . do not permit proof of negligent entrustment when liability under the scope of employment theory is admitted upon the basis that such proof is unnecessary to sustain recovery and that hence no occasion arises for permitting the introduction of evidence under the negligent entrustment theory which would not be

admissible in scope of employment cases.
Breeding, 378 F.2d at 178.

In this cause, Werner Enterprises has admitted that the driver of its tractor-trailer at the time of the collision was acting in the course and scope of his employment with Werner Enterprises at such time. As such, Werner Enterprises has admitted *respondeat superior* liability in the event its driver is determined to have acted negligently. Because of Werner Enterprises' admission of *respondeat superior* liability, it would be improper, under Missouri law, for the Court to allow Bryan Scott to proceed against Werner Enterprises on any other theory of imputed liability, such as those raised in his Amended Counterclaim. Nor would it be proper for the Court to permit Scott to introduce evidence on such other theories.[1] As such, the Court determines to

_____

[1]To the extent Scott argues that McHaffie recognized that there may be some situations in which "it may be possible that an employer or entrustor may be held liable on a theory of negligence that does not derive from and is not dependent on the negligence of an entrustee or employer" or that "an employer may be liable for punitive damages which would not be assessed against the employee/entrustee," the undersigned notes that the court in McHaffie cited Clooney v. Geeting, 362 So.2d 1216 (Fla. Dist. Ct. App. 1977), in making this observation. McHaffie, 891 S.W.2d at 826. A review of Clooney shows that court to likewise have observed that there may be such a circumstance and sets out, as an example, a situation whereby an owner or custodian of an automobile knew of the automobile's defective brakes and allowed another who was not aware of such dangerous condition to use the car, and an accident occurs because of the bad brakes. "If the driver were found not to be negligent . . . the means of imposing liability on the owner would be through his own negligence of lending the car with bad brakes, i.e., negligent entrustment."

vacate its previous Order granting Bryan Scott leave to amend his Counterclaim, and to deny such leave to the extent Bryan Scott seeks to raise theories of imputed liability against Werner Enterprises in addition to the theory of *respondeat superior* liability as raised in the original Counterclaim. Bryan Scott shall be allowed to proceed, however, on his claim of punitive damages as raised in the Amended Counterclaim.

Further, in light of the procedural history as set out above, the undersigned determines to realign the parties to more properly reflect the nature of the claims and the position of the respective parties remaining in the cause, and specifically, to designate Bryan Scott as Plaintiff in the cause, and Werner Enterprises, Inc., as Defendant.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the Order entered March 4, 2005 (Docket No. 52) is **VACATED** to the extent it grants Bryan Scott's Motion for Leave of Court to Amend Counterclaim to Add Claims for Negligent Training, Negligent Supervision, Negligent Retention, and Punitive Damages.

**IT IS FURTHER ORDERED** that Bryan Scott's Motion for Leave of Court to Amend Counterclaim to Add Claims for Negligent Training, Negligent Supervision, Negligent Retention, and Punitive

---

Clooney, 352 So.2d at 1220. No similar circumstance exists in the instant cause of action.

Damages (Docket No. 32) is **DENIED** to the extent it seeks to add claims of Negligent Training, Negligent Supervision and Negligent Retention. To the extent Bryan Scott seeks to add a claim for Punitive Damages, his Motion to Amend Counterclaim is **GRANTED.**

**IT IS FURTHER ORDERED** that the parties are hereby realigned for purposes of conducting all further proceedings in this cause, including trial, to wit: Bryan Scott, Plaintiff; Werner Enterprises, Inc., Defendant.

_Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this _18th_ day of August, 2005.